JAMES M. & W. H. PETERSON *v.* PETER H. WILLARD.

*Where a suit is commenced by a writ of sequestration, the judgment of the court below should have been in rem alone, reserving to the plaintiffs their right to an action in personam.*

APPEAL from the Fourth District Court of New Orleans, *Price,* J.

*J. N. Lea for plaintiffs.*—The plaintiffs, who are vendors of the property described in the petition, sue for the amount due them, and ask for judgment as claimed, with the privilege of vendors upon the property sold. This property being in the parish of Orleans, where the debt became due, the plaintiffs obtained a writ of sequestration, and caused a portion of the property subject to their lien to be seized by the sheriff of the parish of Orleans. Personal service of citation was made upon the defendant, to whom the property was released on his giving bond, according to law.

The defendant filed a plea to the jurisdiction of the court, on the ground that his residence being in the parish of Jefferson, he could be sued only in that parish. This exception being overruled, the case was tried on its merits, and judgment was rendered in favor of the plaintiffs.

Upon the merits of the case there is no defence, the debt sued for being established by notarial act. It is true the counsel for the appellant urges that the claim for $1,732 30 was payable only in instalments, which had not matured at the date of the seizure; but, apart from the fact that no exception was filed to the pre-maturity of the action, a reference to the notarial act itself will show that the utmost delay allowed for the maturity of these instalments was "four months from the date of the act," which was passed on the 19th day of March, 1860, and a reference to the return upon the writ of sequestration will show that the seizure was not made until the 20th day of July, 1860.

It was not incumbent on the plaintiffs to show "that the defendant had not used proper diligence to collect the assets of the partnership:" 1. Because the defendant had bound himself absolutely to pay the debt "within four months from the date of the act;" and, 2. Because if any facts existed which would have released the defendant from his obligation, it was his duty to have established such facts affirmatively.

Passing to the merits of the exception of domicil, it is respectfully urged : 1. That, in the jurisprudence of this State, it is well settled that when a party seeks to exercise a lien or privilege upon property, and to subject it to the payment of his privileged claim, he has a right to assert his claim in the court having jurisdiction of the place where the property is situated ; otherwise he would be without redress. See *Henning* v. *Steamer St. Helena,* 5 An. 352; *Heirs of Lalaurie* v. *F. A. Wood,* 8 An. 366; *Gails* v. *Schooner Osceolo,* 14 An. p. 54. Indeed, this doctrine is so well settled that the appellant's counsel has not contested it, but contends that, in such a case, the judgment should be restricted to the enforcement of

PETERSON
*v.*
WILLARD.

the privilege upon the property sequestered, and should not extend to a personal judgment against the debtor.

It is freely conceded that where the proceeding is *in rem*, and the jurisdiction of the court attaches only in virtue of the seizure of property, the judgment, as in the case of the attachment of the property of non-residents, could affect only the proceeds of the property attached. But this restriction could not, by fair and reasonable construction, be extended to cases where there was personal service of citation, and an appearance on behalf of the defendant, as in the case at bar. Be this as it may, the defendant is estopped from urging any such plea. In the authentic act, which is the basis of this suit, the defendant contracts with the plaintiffs as " Peter H. Willard, of the city of New Orleans." Of course, such a recital is not conclusive as against third parties not privy thereto, and as respects such third parties is open to contradiction. See *Hill* v. *Spangenberg*, 4 An. p. 553; also *Davis* v. *Binion*, 5 An. 248. But in these very decisions the court carefully restrict the right to contradict the recitals contained in authentic acts to those who are not parties thereto, the court not considering such recitals, in contracts with third persons, as conclusive upon the party making them, in a contest with others upon a question of jurisdiction. It is manifest that, in a contest with a party to the act itself, no evidence would be deemed admissible to contradict any averment contained in the act. " Parole evidence shall not be admitted against or beyond what is contained in an authentic act, nor on what may have been said before, nor at the time of making them, nor since." Civil Code, 2256.

The truth or falsehood of the recital has nothing to do with the question. The prohibition rests upon considerations of public policy, and the court will not enter upon an investigation, or adopt conjectures, concerning the importance or immateriality of recitals in an authentic act, in a controversy between the parties to the act. Every recital or averment in an authentic act is presumed to have entered into and formed part of the contract. It is to be remarked that nothing in the evidence shows a change of domicil after the execution of the act.

*Buchanan & Gilmore for defendant and appellant.*—Plaintiffs claim of defendant a personal judgment for the sum of $3,732 30, with privilege of vendor upon certain property (coal, carts and mules) which were sequestered.

Defendant pleaded a declinatory exception, that he resides and is domiciled in the parish of Jefferson, where his family dwell and where is his principal establishment.

On the trial of this exception, two witnesses, *W. G. Coyle* and *W. H. Foster*, proved that defendant's residence and that of his family was at the time, and had been for many years, in Jefferson City, parish of Jefferson, where he voted, etc. No evidence was offered to contradict this testimony, and we may therefore assume that the domicil of the defendant was, as alleged by him, in Jefferson parish.

The court, notwithstanding, overruled the exception; and defendant pleaded the general issue (with a reservation of his exception).

Judgment was rendered in the court below for the whole amount

claimed against the defendant, with vendor's privilege upon the property sequestered. Defendant appealed.

Since the appeal was taken defendant has died, and his widow is made party defendant.

We contend that the court has erred in overruling the declinatory exception, and rendering an unqualified personal judgment against defendant.

The Article of 162 of the Code of Practice lays down the general rule that civil actions must be brought before the judge having jurisdiction over the place of domicil or residence of the defendant.

The following Articles (163, 164 and 165) contain the exceptions to that general rule. The present case falls within none of those exceptions.

But we are free to admit that the Supreme Court, in the case of *Henning* v. *Steamer St. Helena*, 5 An. R. 349, has extended the exceptions found in the Code, to the enforcement of special privileges wherever the movable property subject to such privileges might be found, although beyond the territorial limits of the parish of the debtor's domicil. And in that case, the court overruled the case of *Hollander* v. *Nicholas*, 3 Rob. Rep. p. 7, in which the contrary doctrine had been maintained. But your honors will observe the reasons given by Judge Slidell, the organ of the court:

"There is much plausibility in the argument that defendants, so far as their personal liability is concerned, are entitled to the benefit of the general rule; and the tendency of our jurisprudence has been to protect, with strictness, the right of the citizen in this particular. *Richard* v. *Kimball*, 5 R. R. 142. But in our opinion the question whether plaintiff shall be permitted to enforce his privilege in any other forum than that of the owner's domicil, stands upon a very different footing." * *

* * * * * * * "Undoubtedly, the privilege is an accessory to the principal obligation; but it does not follow that the remedy *in rem* and the remedy *in personam* are inseparable. The mortgage creditor may seize and sell the land without resorting to the personal liability. So the pledgee may proceed to have the thing judicially sold, without cumulating a prayer for personal judgment. And in the absence of any prohibition in the Code of Practice, we see nothing unreasonable in disconnecting the enforcement of the privilege from the personal pursuit, where it is impossible to pursue both together. Where there is a right there should be a remedy; it would be a mockery to acknowledge the right, and yet send a creditor to another forum, where the enforcement of the right would be impracticable."

The principle consecrated in this decision has been recognized and reaffirmed in the cases of *Blanchard* v. *Davidson*, 7 An. 654; *Heirs of Lalaruie* v. *Woods*, 8 An. 366; *Thorn & McGrath* v. *Tyson*, 9 An. 231; *Gails* v. *Schooner Osceola*, 14 An. 54. But in all of these cases the distinction between the remedy *in personam* and the remedy *in rem*, commented above by Judge Slidell, is carefully preserved. Indeed, your honors may observe, that all of those cases, with the single exception of the last, were decided by Judge Slidell. We cannot doubt, that the true construction to be put upon those cases, restricts the right of the plaintiff to an

enforcement of his privilege, and does not extend it to a personal judg=
ment against the debtor, outside of the parish of the debtor's domicil.
To give these dicisions the latter effect, would be to annul the Article
162 of the Code; than which it is clear nothing was further from the
intention of the court.

But in the present case, there is a personal judgment, with a vendor's
privilege upon certain effects.

We submit that the judgment should have been purely and simply a
judgment *in rem*; and that it is should be reversed by maintaining the
declinatory exception as regards the remedy *in personam* sought by
plaintiffs.

JONES, J. This suit, as originally instituted, was by the plaintiffs
against the defendant, to recover a personal judgment and to enforce the
vendor's privilege by writ of sequestration. The defendant pleads that
his domicil was in the parish of Jefferson, where these proceedings *in
rem* and *in personam*, and this suit should have been instituted. The
court overruled this exception, and rendered judgment against de-
fendant on the merits, with privilege on the property sequestered, from
which judgment defendant appealed. In this court the defendant con-
tends that the judgment of the lower court should have been purely and
solely a judgment *in rem*, and that it should be reversed by maintaining
the *declinatory* exception as regards the remedy *in personam* sought by
plaintiffs. In this view of the law we concur. 8 An. 367.

It is therefore ordered, adjudged and decreed, that the judgment of the
district court be so amended as to restrict the operation of said judgment
to the property sequestered, reserving to the plaintiffs their right to per-
sonal action against the defendant, at the parish of his domicil; that, in
other respects, the judgment be affirmed; that the costs of the district
court be paid by the defendant, and those of appeal be paid by plaintiffs
and appellees.

ILSLEY and HOWELL, J. J., absent.